IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) | No. 37283-9-III |
| | ) | |
| | ) | |
| ANTHONY MARCEL MILLSPAUGH, | ) | |
| | ) | UNPUBLISHED OPINION |
| Petitioner. | ) | |
| | ) | |

LAWRENCE-BERREY, J. — In December 2019, Anthony Millspaugh filed this

personal restraint petition (PRP) seeking to nullify sanctions resulting from three prison

disciplinary hearings in 2004 and 2005. Our divisional chief judge referred the following

question to this panel: whether any limitations period or preclusion doctrine applies

to this petition. We agree with *In re Personal Restraint of Heck*, 14 Wn. App. 2d 335,

470 P.3d 539 (2020): Millspaugh's petition is subject to the two-year period of

limitations of RCW 4.16.130.

FACTS

In 2003, Anthony Millspaugh pleaded guilty to one count of second degree murder

with a firearm enhancement. The trial court sentenced Millspaugh to a term of 240

months' confinement.

In 2004, Millspaugh was transferred from Washington to Colorado. That summer, a prison riot occurred resulting in serious property damage. Following a months-long investigation, Millspaugh was issued a serious infraction report for behavior alleged to have occurred during the riot. Millspaugh attended a disciplinary hearing on November 23, 2004. The hearing officer found Millspaugh guilty of two infractions— rioting and refusing an order to disperse. Millspaugh was sanctioned with 30 days' putative segregation and the loss of 200 days' good conduct time. The minutes of proceedings were signed by Millspaugh and the hearing officer.

In February 2005, Millspaugh broke the sprinkler head in his cell. When corrections officers attempted to handcuff him, he resisted. Officers used chemical agents to subdue him, but he knocked them from an officer's hand and sprayed the officers. Millspaugh received infractions for assaulting a staff member and tampering with fire equipment. On February 23, 2005, Millspaugh attended a disciplinary hearing. The hearing officer found Millspaugh guilty of both infractions and sanctioned him 180 days of good conduct time.[1] The hearing officer signed the minutes but did not include his rank.

---

[1] Below the signatures, the notation "Appeal requested" is handwritten. Neither party addresses this, but the record shows no appeal following the February 23, 2005 disciplinary hearing.

The next month, Millspaugh was transferred to Arizona. In August 2005, corrections officers found a sharpened toothbrush in Millspaugh's cell and issued him an infraction for possessing a sharpened instrument. A hearing was held on August 23, 2005, where Millspaugh admitted to possession of the toothbrush and pleaded guilty. The hearing officer sanctioned Millspaugh to loss of 168 days[2] of good time. The officer signed the minutes but did not include his or her rank.

In June 2010, Millspaugh was transferred back to Washington, where he remains incarcerated. He has sought collateral relief on at least four occasions and this court has dismissed his petitions.

In December 2019, Millspaugh filed this PRP raising due process challenges to the three disciplinary hearings described above. The Department of Corrections (Department) filed a motion to dismiss under RAP 16.4(d), arguing the petition is time barred. Millspaugh responded that there is no period of limitations applicable to PRPs challenging a prison disciplinary hearing and asks that his petition be determined on its merits.

While this matter was pending, Division One of this court issued *In re Personal Restraint of Heck*, 14 Wn. App. 2d 335. In *Heck*, Division One concluded that

_____

[2] The hearings form uses the term "hours," but both parties agree this is a

3

RCW 4.16.130, which provides a two-year period of limitations, applies to PRPs

challenging a prison disciplinary hearing. *Id.* at 341. The parties filed supplemental

briefing upon our request.

## ANALYSIS

The Department argues that RCW 7.36.130(1), which has a one-year period of

limitations, applies to PRPs challenging a prison disciplinary hearing. In the alternative,

it argues that RCW 4.16.130—the catch-all statute of limitations for civil actions—

applies. We address each argument in turn.

### RCW 7.36.130(1)

The Department, relying on RCW 7.36.130(1), argues the one-year time bar for

habeas corpus actions applies to Millspaugh's petition. That statute provides:

> No court or judge shall inquire into the legality of any judgment or process
> whereby the party is in custody, or discharge the party when the term of
> commitment has not expired, in either of the cases following:
> (1) Upon any process issued on any final judgment of a court of
> competent jurisdiction except where it is alleged in the petition that rights
> guaranteed the petitioner by the Constitution of the state of Washington or
> of the United States have been violated and the petition is filed within the
> time allowed by RCW 10.73.090 and 10.73.100.

RCW 10.73.090(1) provides:

---

typographical error.

> No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than *one year after the judgment becomes final* if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

(Emphasis added.)

RCW 10.73.090(3) provides:

> For the purpose of this section, a judgment becomes final on the last of the following dates:
> (a) The date it is filed with the clerk of the trial court;
> (b) The date that an appellate court issues its mandate disposing of a timely direct appeal from the conviction; or
> (c) The date that the United States Supreme Court denies a timely petition for certiorari to review a decision affirming the conviction on direct appeal. . . .

A prison disciplinary hearing can occur more than one year after an incarcerated person's judgment has become final. Were we to adopt the Department's argument, the remedy of a PRP would be unavailable to those persons. Yet, it is undisputed that this remedy is, and must be, available to all persons challenging a prison disciplinary hearing. For this reason, we conclude that the one-year time bar of RCW 7.36.130(1) is inapplicable.

### RCW 4.16.130

RCW 4.16.130 provides: "An action for relief not hereinbefore provided for, shall be commenced within two years after the cause of action shall have accrued." This

provision "serves as a limitation for any cases not fitting into the other limitation provisions." *Stenberg v. Pac. Power & Light Co.*, 104 Wn.2d 710, 721, 709 P.2d 793 (1985); *accord In re Marriage of Goodyear-Blackburn*, 12 Wn. App. 2d 798, 802, 460 P.3d 202 (concluding the two-year limitation in RCW 4.16.130 controls unless a party can point to a specific statute of limitations), *review denied*, 196 Wn.2d 1003, 471 P.3d 180 (2020).

Millspaugh argues that RCW 4.16.130 is inapplicable because a PRP is not a "cause of action." We disagree.

A "cause of action" includes "'a factual situation that entitles one person to obtain a remedy in court from another person.'" *Estate of Dormaier v. Columbia Basin Anesthesia, PLLC*, 177 Wn. App. 828, 854 n.9, 313 P.3d 431 (2013) (quoting BLACK'S LAW DICTIONARY 251 (9th ed. 2009)). Persons bringing PRPs assert facts that entitle them to obtain a remedy in court from the Department. A PRP therefore is a "cause of action."

We agree with our sister division's decision of *In re Personal Restraint of Heck*, 14 Wn. App. 2d 335: a PRP challenging a prison disciplinary hearing must be brought within two years of the challenged decision.

6

No. 37283-9-III
*PRP of Millspaugh*

With the consent of our divisional chief judge, we dismiss this PRP.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____          _____
Pennell, C.J.                                              Siddoway, J.

7